# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:10-cv-256-JMS-MJD |
| | ) | |
| JENNIFER SMITH et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry Discussing Motion to Reconsider

"I cannot get the discovery without this court's help." Thus writes plaintiff Eric Smith in his motion to reconsider order dated March 25, 2011. Smith's statement may be true, but even if true his statement does not explain how or why he can or should be permitted to litigate in a fashion not authorized by the *Federal Rules of Civil Procedure* . Accordingly, his motion to reconsider [45] is **denied.**

## Discussion

The court made the following ruling in paragraph 2 of the Entry issued on March 25, 2011:

> 2. The plaintiff has combined his objection referenced above with a request for the production of documents directed to a non-party. That request [41] is **denied,** because the plaintiff has not utilized the procedure permitted by Rule 34(c) of the Federal Rules of Civil Procedure.

Smith makes two points in his motion to reconsider. He *first* mentions that his requests to prison staff that copies of documents be made for him have been refused and that this violates Department of Correction policy. Even if true, the violation of a prison policy is not actionable in federal court and is not the basis on which securing document discovery from a non-party is based. Smith's *second* statement is that he has proceeded as the court directed. It is implied through this statement that he has used the procedure prescribed in Rule 34(c). He has not documented such an effort, however, and could not have done so in the brief period between the Entry of March 25, 2011, and the signing of his motion to reconsider on April 7, 2011.

In short, therefore, Smith has not shown error in the ruling in paragraph 2 of the Entry issued on March 28, 2011, and likewise has not shown the existence of changed

circumstances warranting a different ruling. See *Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006) ("A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . .").

**IT IS SO ORDERED.**

Date: 04/26/2011

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric D. Smith
#112675
Wabash Valley Long Term Segregation
6908 S. Old US Highway 41
Carlisle, IN 47838

Bruce Benjamin Paul
bpaul@stites.com