**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ERIC D. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No. 1:10-cv-256-JMS-MJD |
| | ) |
| JENNIFER SMITH et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Reconsider
Denial of Motion for Release Order**

**I.**

This is a civil rights action brought pursuant to 42 U.S.C. ' 1983 in which Eric Smith, a state prisoner, challenges his treatment and the conditions of his confinement at the New Castle Correctional Facility. The focus of the matter at present is resolution of the defendants' affirmative defense that Smith did not exhaust his available administrative remedies prior to filing suit. Smith has just recently alerted the court of his readiness for the hearing required pursuant to *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008).

In his *motion for release order* filed on May 26, 2011, Smith sought an order directing his release from the custody of the Superintendent of the state prison where Smith was confined. That *motion* was addressed in the Entry of July 7, 2011, wherein the court noted that: 1) Smith's custodian is not a party to this case; 2) this is not a case in which Smith even challenges the fact or duration of his confinement through the issuance of a writ of habeas corpus; 3) the *motion* did not make reference to the partial stay which is in effect until the affirmative defense of failure to exhaust available administrative remedies is resolved; 4) the motion "recites in imprecise terms that he has served one-half of his 20-year sentence and that he is therefore entitled to be released"; 5) Smith's sole avenue in federal court to obtain release from state custody is through an action for a writ of habeas corpus; 6) the *motion* made reference to Smith's restricted filing status in the Seventh Circuit and implied--incorrectly--that he is thereby barred from seeking habeas corpus relief. The court summarized these circumstances: "through his motion for release order Smith seeks relief from a non-party, seeks relief which is not available in this case, seeks to circumvent the proper manner in which to seek his release, and fails to remotely suggest that the court could or should consider ordering his release as an adjunct of the claims."

Smith's motion for release order was therefore denied.

## II.

Smith seeks reconsideration of the denial of his motion for release order. He does not dispute any aspect of the ruling of July 6, 2011, but stresses that he has no other available remedy. That is doubtful, but even if true it does not make an unavailable remedy an appropriate one. It begs the question to assert an imperative (Smith is being illegally held past his date of release) and that a remedy for the imperative must be crafted. Smith has failed to link his concern with any claim in this case, and his assertion that his continued restraint is a "condition of confinement" rather than a challenge to the computation of his sentence is meritless. Smith also repeats his claim that the appellate order restricting him from filing certain litigation in the federal district courts in the Seventh Circuit is unconstitutional. His argument on this point is unpersuasive, but in any event this court is without the authority to disregard that appellate order to accommodate Smith's point of view.

"A motion to reconsider asks that a decision be reexamined in light of additional egal arguments, a change of law, or an argument that was overlooked earlier . . . ." *Patel v. Gonzales* 442 F.3d 1011, 1015-1016 (7th Cir. 2006). Because Smith's motion for reconsideration fails to present such material, that motion [57] is **denied.**

**IT IS SO ORDERED.**

Date: 08/05/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Eric D. Smith
#112675
Wabash Valley Long Term Segregation
6908 S. Old US Highway 41
Carlisle, IN 47838

Bruce Benjamin Paul
bpaul@stites.com