## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

ERIC D. SMITH,              )
                                     )
                Plaintiff,     )
v.                            )     No. 1:10-cv-256-JMS-MJD
                                     )
JENNIFER SMITH et al.,     )
                                   )
                Defendants.   )

### Entry Discussing Complaint and Dismissing Certain Claims

Eric Smith, an inmate at Wabash Valley Correctional Facility, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants, officials and inmates at the New Castle Correctional Facility ("New Castle"), violated his constitutional rights by providing inadequate access to the courts and by retaliating against him. Jennifer Smith, Jeff Wrigley, C. Watkins #968821, Daphne Tester, and M. Jackson are named as defendants. The plaintiff seeks money damages and injunctive relief.

Title 28 U.S.C. § 1915A(b) directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson*, 551 U.S. at 93 (per curiam) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir.2008).

To state a claim under ' 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). AThe color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law.@ *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power Apossessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.@ *United States v. Classic,* 313 U.S. 299, 326 (1941).

Applying the standard set forth above, certain claims alleged in the complaint must be dismissed. These claims include the following:

- **Claims against offenders M. Jackson and C. Watkins must be dismissed** because these defendants, under the circumstances alleged, did not act Aunder color of state law" while working a prison job. Any other conclusion would be fatuous.

- **Claims against Superintendent Jeff Wrigley must be dismissed** because the complaint does not allege that Superintendent Wrigley personally participated in the alleged unconstitutional conduct or directed it to occur. To be liable for a constitutional violation, an individual must have personally participated in the conduct or it must have occurred at his direction. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) (AAn individual cannot be held liable in a [42 U.S.C.] ' 1983 action unless he caused or participated in [the] alleged constitutional deprivation.@) (*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)). To the extent the Superintendent is included as a defendant because of his supervisory position, this position alone is not adequate to support the imposition of liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

- The plaintiff purports to sue each defendant in their personal capacity for damages and in their official capacity for declaratory and injunctive relief. **All claims for injunctive relief and any claims against the defendants in their official capacities must be dismissed.** The plaintiff=s request for injunctive relief has been rendered moot because he is no longer incarcerated at New Castle Correctional Facility. *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (AIn an action seeking only injunctive relief . . . once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot. If, however, a plaintiff also seeks monetary damages, his case is not moot even if the underlying misconduct that caused the injury has ceased.@)

(citations omitted); *see also Arreola v. Godinez*, 546 F.3d 788, 799 (7th Cir. 2008); *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same)

**Claims for money damages alleged against Jennifer Smith and Daphne Tester in their individual capacities shall proceed as submitted.**

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date:  ___03/08/2012___

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Bruce Benjamin Paul**
**bpaul@stites.com**

**Eric D. Smith**
**DOC #112675**
**Wabash Valley - CF**
**6908 S. Old U.S. Highway 41**
**P.O. Box 500**
**Carlisle, IN 47838**