**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:10-cv-256-JMS-MJD |
| | ) | |
| JENNIFER SMITH et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Selected Matters**

**I.**

Motions to reconsider serve a very limited purpose and are only appropriate for those "rare" situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)(citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)). The Entry of March 8, 2012, does not contain any ruling which is erroneous or inadequately explained. The plaintiff has not relied on controlling or significant change in the law or facts in seeking reconsideration of portions of that ruling. Accordingly, the plaintiff's motion for reconsideration [99] is **denied**.

**II.**

The plaintiff's petition for copy of document [97] is **granted**. A copy of the plaintiff's response to the motion to dismiss shall be included with the plaintiff's copy of this Entry.

**III.**

The plaintiff's motion for appointment of counsel has been considered.

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court,* 490 U.S. 296, 300 (1989). There is no constitutional right to an attorney in a civil proceeding. *Jackson v. Kotter,* 541

F.3d 688, 700 (7th Cir. 2008). Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it themselves. *See Pruitt v. Mote,* 503 F.3d 647, 653, 655 (7th Cir. 2007) (en banc).

The court finds at present, that the claims asserted by the plaintiff are not of sufficient complexity or merit as to surpass the plaintiff's ability to properly develop and present them. Regardless, the plaintiff is within the spectrum of "most indigent parties" because he has and will have a meaningful opportunity to present his claims. He has demonstrated familiarity with his claims and the ability to present them. Having considered the complexity of the plaintiff's claims and his ability to litigate his case, this is not a case in which at present it is appropriate to seek representation for the plaintiff.

Based on the foregoing, the plaintiff's motion for appointment of counsel [78] is **denied.**

## IV.

The plaintiff's motions for the issuance of subpoenas and for the advancement of funds to secure the attendance of witnesses [76] and [77] are **denied** because the plaintiff has admitted that he lacks the funds to pay the attendance and mileage fees to secure the presence of witnesses and the court has no authority to either waive or advance those funds.

IT IS SO ORDERED.

Date: 04/05/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Bruce Benjamin Paul
bpaul@stites.com

Eric D. Smith
DOC #112675
Wabash Valley - CF
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838